IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

SILAS MARTIN, #145 609                    *

      Petitioner,                         *

v.                                        *        3:09-CV-875-ID
                                                      (WO)
WARDEN HETZEL, *et al.*,                   *

      Respondents.                        *

_____

**ORDER**

      Respondents filed an answer on November 3, 2009 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (*Doc. No. 9*.) They contend therein that the present habeas corpus petition is due to be denied because the claim presented by Petitioner provides no basis for relief. Specifically, Respondents argue that Petitioner's federal habeas claim entitles him to no relief because the state courts properly adjudicated the issue adversely to him during proceedings related to his Rule 32 petition. *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). A claim which is properly adjudicated on the merits by the state courts does not provide a basis for federal habeas relief. *Id*.

      In sum, § 2254(d)(1) places new constraints on the power of a federal court to grant a state prisoner's application for habeas corpus relief with respect to those claims adjudicated on the merits in state court. The statute allows this court to grant a writ of habeas corpus

only "if the relevant state-court decision was either (1) '*contrary to* ... clearly established

Federal law, as determined by the Supreme Court of the United States,' or (2) '*involved an*

*unreasonable application of* ... clearly established Federal law, as determined by the Supreme

Court of the United States.' (Emphases added.)" *Williams*, 529 U.S. at 404-405. "Under §

2254(d)(1) and the *Williams* decision, [a federal court] can grant relief only if the state court

decision denying relief is 'contrary to' clearly established federal law or is an 'unreasonable

application' of federal law." *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). In the

vast majority of cases, a federal district court will be faced with the contention that the state

court unreasonably applied federal law.

> In determining whether the state court's decision is an
> unreasonable application of the law set out in [applicable]
> Supreme Court decisions, we need not decide whether we would
> have reached the same result as the state court if we had been
> deciding the issue in the first instance. Instead, we decide only
> whether the state court's decision of the issue is objectively
> unreasonably. *See Williams v. Taylor*, 529 U.S. 362, 411, 120
> S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under
> §2254(d)(1)'s 'unreasonable application' clause, then, a federal
> habeas court may not issue the writ simply because that court
> concludes in its independent judgment that the relevant state-
> court decision applied clearly established federal law
> erroneously or incorrectly. Rather, that application must also be
> unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th
> Cir. 2001)("It is the objective reasonableness, not the
> correctness *per se*, of the state court decision that we are to
> decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Additionally, the statute makes it clear that a federal court cannot grant relief with respect

to claims adjudicated on the merits by the state courts "unless the adjudication of the claim

. . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

Accordingly, it is

ORDERED that on or before **November 25, 2009** Petitioner may file a response in accordance with this order.  Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after November 25, 2009 the court shall "determine whether an evidentiary hearing is required.  If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require."  Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when filing his response, he may file sworn affidavits or other documents in support of his claims.  Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition.  If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them.  When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

Done, this 4th day of November 2009.


      /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE